FILED

IN THE CIRCUIT COURT OF POINSETT COUNTY, ARKANSAS

CIVIL DIVISION

2009 MAY 27  PM 12: 59

APRIL L. WILLIAMS                                              CLAUDIA MATHEWS PLAINTIFF
                                                              POINSETT CO. CIRCUIT CLERK
VS.        3:09CV00180-WRW              CASE NO. CV-2009- 114 (W)

RECONTRUST COMPANY, N.A.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., COUNTRYWIDE HOME
LOANS, INC., and DOES 1-50                                              DEFENDANTS

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, April L. Williams, by and through her undersigned attorney,

Sara Rogers, and for her petition for damages and injunctive relief, states and alleges as follows:

### INTRODUCTION

1. This action seeks to enjoin an impending non-judicial foreclosure sale of real property as

   set forth in A.C.A. §18-50-115.

2. This action also seeks to cancel a mortgage and note pursuant to 15 U.S.C. §1611 et seq.

   and 26 U.S.C. §2605 et seq.

3. This action also seeks damages from the actions of the Defendant which constitute

   numerous violations of state and common law.

### PARTIES AND JURISDICTION

4. Plaintiff is a resident of Poinsett County, Arkansas, and is the owner of certain real

   property (hereinafter referred to as "the property" located at 502 Normandy Street,

   Marked Tree, Arkansas, and more particularly described as "Lot 1 in Block 2 of E. Ritter

   Victory Addition to the City of Marked Tree, Arkansas, as recorded in plat envelope 104

   in Circuit Clerk's Office, Poinsett County, Arkansas."

EXHIBIT
____1____

1

5.  Defendant Recontrust Company, N.A., is doing business in Arkansas without the authorization of the Arkansas Secretary of State.

6.  Mortgage Electronic Registration Systems, Inc., is a Delaware corporation authorized to conduct business in the State of Arkansas.  Its registered agent is The Corporation Company, 124 West Capitol Ave., Ste. 1400, Little Rock, Arkansas 72201.

7.  Countrywide Home Loans, Inc. is a New York corporation authorized to conduct business in the State of Arkansas.  Its registered agent is The Corporation Company, 124 West Capitol Ave., Ste. 1400, Little Rock, Arkansas 72201.

8.  The true names of Defendants named herein as Does 1-50, whether individual, corporate, associate, or otherwise are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and thereon alleges that each of the Defendants so designated herein proximately caused and contributed to the damages herein alleged.  Plaintiffs will ask leave of the Court to amend her complaint to insert the true names of Does 1-50 when the same have been ascertained and to join such Defendants to this action.

9.  That this cause of action concerns real property located in Poinsett County, Arkansas. Venue and jurisdiction are proper in this court.

## FACTS

10. That the any and all allegations in paragraphs one through nine are realleged and incorporated herein by reference.

11. On or about January 9, 2007, Plaintiff executed a "Note" in the amount of $172,436 in monthly installments commencing on March 1, 2007, in favor of the Lender and Defendant, Countrywide Home Loans, Inc (hereinafter referred to as "Countrywide").

12. Michael Williams, an individual, also executed the same Note.  He filed a Chapter 7 Bankruptcy in the Eastern District of Arkansas in case number 3:09-bk-11764.  Michael Williams successfully surrendered his interest in the property in question in that action.

13. On information and belief, Plaintiff alleges that the service of the purported note was, without her knowledge, by some means transferred from or by Defendant, Countrywide, either completely or by association or other means to Doe 1 who unknown to Plaintiff provided services in various forms to be determined to others which were of such a nature to render them a "servicer" within the definition found in 26 U.S.C. § 2605.

14. Also on January 9, 2007, Plaintiff executed a "Mortgage" which cited the lender as Countrywide Home Loans, Inc.

15. Defendant, Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"), is identified in the Mortgage on page two of the instrument as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this security instrument."

16. MERS disclosed to Plaintiff at the time the Mortgage was signed that it is named on the mortgage as the mortgagee in a nominee capacity for Countrywide Home Loans, Inc. "MERS is a company separate from your lender that operates an electronic tracking system for mortgage rights.  MERS is not your lender; it is a company that provides an

3

alternative means of registering the mortgage lien in the public records. MERS

maintains a database of all the loans registered with it, including the name of the lender

on each loan. Your lender has elected to name MERS as the mortgagee in a nominee

capacity and record the mortgage in the public land records to protect its lien against

your property. **Naming MERS as the mortgagee and registering the mortgage on the**

**MERS electronic tracking system does not affect your obligation to your Lender, under**

**the Promissory Note.**"

17. The Mortgage and Note were recorded with the Circuit Clerk and Recorder on January

    26, 2007.

18. That no other assignment of the mortgage or the note has been recorded with the Clerk

    of this Court since the filing of these documents as of June January 9, 2007.

19. On or about March 27, 2009, Recontrust Company, N.A. (hereinafter referred to as

    "Recontrust") recorded a Mortgagee's Notice of Default and Intention to sell.

20. On the notice of the default, Recontrust states that it is acting as the attorney in fact for

    the mortgagee, Mortgage Electronic Registration Systems, Inc.

21. The Notice of Default further states that Recontrust is exercising its power of sale under

    A.C.A. §18-50-115 which implies a power of sale in every mortgage of real property that

    is duly acknowledged and recorded.

### COUNT ONE—VIOLATION OF TILA

22. That any and all allegations in paragraphs one through twenty-one are realleged and

    incorporated herein by reference.

23. On information and belief, Plaintiff alleges that each and every Defendant are directly or indirectly agents or employees or persons actively involved in the extension of credit as the term is defined in 15 U.S.C. §1611 et seq., the Truth in Lending Statute (TILA).

24. On information and belief, Plaintiff alleges that Defendants and each of them are subject to the requirements of the Truth In Lending Statute (TILA) and have violated the requirements of the act in that among other things:

   a. They have improperly retained funds belonging to the Plaintiffs in amounts to be determined;

   b. That they have failed to disclose the status of the ownership of the loans.

25. Plaintiff further alleges that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiff.

26. As a result of the above violations, Defendants are liable to the Plaintiff for actual damages, punitive damages, and attorney's fees as allowed by statute.

## COUNT TWO—VIOLATION OF RESPA

27. That each and every allegation in paragraphs one through twenty-six are realleged and incorporated herein by this reference.

28. Each and every Defendant is such that they fall within the requirements of 26 U.S.C. §2605 et seq., the Real Estate Settlement Procedures Act (RESPA).

29. Based upon information and belief, Plaintiff alleges that Defendants placed the mortgage for the purpose of unlawfully increasing or otherwise obtaining fees and sums in excess of what would have been lawfully earned.

30. Based upon information and belief, Plaintiff alleges that Defendants either individually or jointly as "Servicers" as that term is used with the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. §2605(B) in that the servicing contract or duties thereunder were transferred or hypothecated without the required notice.

31. Plaintiff alleges that these violations require rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiff.

32. As a result of the above violations, Defendants are liable to the Plaintiff for actual damages, punitive damages, and attorney's fees.

<u>COUNT THREE—BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING</u>

33. That each and every allegation in paragraphs one through thirty-two are realleged and incorporated herein by reference.

34. Plaintiff alleges that at all times herein an implied covenant of good faith and fair dealing existed requiring Defendants, individually and jointly, to safeguard, protect, or otherwise care for assets and rights of the Plaintiff. Said covenant prohibited Defendants from activities interfering with or contrary to the rights of Plaintiff.

35. Plaintiff alleges that the commencement of foreclosure proceedings upon the property lawfully belonging to Plaintiff without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the covenant.

36. As a result of the above violations, Defendants are liable to the Plaintiff for actual damages, punitive damages, and attorney's fees.

## COUNT FOUR—MERS AND RECONTRUST LACK PROPER STANDING

37. That the allegations in paragraphs one through thirty-six are realleged and incorporated herein by this reference.

38. Plaintiff seeks a determination as to the legal status of the parties to the Mortgage and Note.

39. Both documents state that Countrywide Home Loans, Inc. is the lender.

40. No other lender has recorded its interest as an assignee of Countrywide Home Loans, Inc. since the filing of the original documents Plaintiff signed on January 9, 2007.

41. The Notice of Default filed on or about March 27, 2009 states that Recontrust is acting as attorney in fact for MERS, the mortgagee.

42. Plaintiff has never made a payment to MERS or Recontrust since the inception of her monetary obligation.

43. Neither MERS nor Recontrust has attempted to collect a payment from the Plaintiff.

44. MERS identifies itself as the nominee for the lender, Countrywide Home Loans, Inc. in the Mortgage, the Note, and the Disclosure given to Plaintiff at the time of closing.

45. Countrywide Home Loans, Inc. is principal to MERS under the terms of the Note.

46. MERS is not acting at the direction of the lender Countrywide Home Loans, Inc. in the foreclosure action as indicated in the Notice of Default and Intention to Sell filed with the Recorder of Deeds in this county.

47. Plaintiff is entitled to rely upon the documents recorded on her mortgage to identify the real party in interest that may foreclose upon her property.

48. A.C.A. §14-15-404 requires notice of transactions in real property by recording.

7

49. Since neither MERS nor Recontrust have filed any such assignments of the note, it lacks

   the proper standing and the proper authority to commence foreclosure proceedings

   upon the real property.

50. Additionally, based upon information and belief, Recontrust, is not qualified to conduct

   business in the state of Arkansas.

51. Therefore, it does not have standing to seek non-judicial remedies or judicial remedies

   against Plaintiff.

52. That this Court should enjoin the Defendants from foreclosing on the property on the

   basis that each lacks proper standing to pursue this redress from Plaintiff.

## COUNT FIVE—INJUNCTIVE RELIEF

53. That the allegations in paragraphs one through fifty-two are realleged and incorporated

   herein by reference.

54. Plaintiff is the owner in fee simple to the property located at 502 Normandy, Marked

   Tree, Arkansas.

55. Defendant, MERS, claims an interest in Plaintiff's property and subsequently Recontrust

   as its attorney in fact in its Notice of Intent to Default and Intention to Sell.

56. Both MERS and Recontrust purport that their interest will deny Plaintiff rights of

   ownership and by contending that their ownership is or will be with the Defendants by

   means of a foreclosure sale.

57. Plaintiff disputes the Defendants' interest in real property and claims that MERS has no

   such right, title, or interest in the property.  The impending sale will be fraudulent or

   otherwise in violation of federal and state law and transfer no rights to the Defendant.

58. Defendants have wrongfully interfered with or threaten to interfere with Plaintiff's use and enjoyment of the Property in that they threaten to dispossess her.

59. Defendants' threats to dispossess Plaintiff of her home will continue unless and until enjoined or restrained by this Honorable Court.

60. That to allow said sale to occur would cause further irreparable damage and harm to the Plaintiff as it will deny her the opportunity to present to the court her evidence at trial the merits of their defenses to this alleged foreclosure.

61. Further, this Court's failure to enjoin or restrain Defendants will cause Plaintiff irreparable harm as she will be deprived of the use and enjoyment of unique property.

62. Plaintiff has no adequate remedy at law for the threatened and continuing conduct of the impending sale.  The sale of Plaintiff's home will not be properly compensated by an award of money damages.

63. Defendants should be restrained on an ex-parte temporary basis from allowing the sale the impending sale to occur on May 28, 2009, as scheduled in the Notice of Default filed with the Recorder of Deeds.

64. Defendants should be enjoined permanently from foreclosing upon the property in question until such time as the Court may determine the legal status of the interested parties.

COUNT SIX—REQUEST FOR DECLARATORY JUDGMENT

65. A dispute has arisen between and among Plaintiff and Defendants and each of them as to the duties and obligations of the respective parties with regard to the loan or the foreclosure.

9

66. These disputes are a concern but are not limited to the ownership rights and the validity

of the commencement of the foreclosure process.

67. A declaration of rights and duties of the parties herein are essential to determine the

actual status and validity of the mortgage, note, loan services, trustees, and attorney in

fact instituting foreclosure proceedings and related matters.

## COUNT SEVEN--FRAUD

68. That the allegations in paragraphs one through sixty-seven are realleged and

incorporated herein by this reference.

69. On or about March 27, 2009, an unknown employee of Recontrust executed on behalf

of the alleged mortgagee, MERS, a Notice of Intent of Default and Intention to Sell

which stated that default has occurred in the payment of the indebtedness and that the

owner and holder of the debt has requested the undersigned to sell the property to

satisfy the indebtedness.

70. This representation was made by these Defendants in order to induce reliance by

Plaintiff.

71. Plaintiff did rely on these representations and because of her reliance her property has

advanced in the foreclosure stage to a sale and Plaintiff's reliance was justified.

72. Plaintiff alleges that the representations as stated on the Notice of Default and Intention

to Sell were a false representation in the following particulars:

   a. Documents were not filed with the Recorder of Deeds that showed that either

   MERS or Recontrust Company were the beneficiary and entitled to the

   payments.

10

b. At the time MERS and Recontrust Company made the representations they knew they were false and were made for the sole purpose of inducing reliance.

73. Plaintiff has been damaged in having her home wrongfully placed in foreclosure and a slander of her title, and being required to become involved in this litigation all her damages and injuries.

74. That MERS and Countrywide were aware of the false representations of Recontrust and remained silent thereby aiding Recontrust in its misrepresentation.

75. That the actions of the Defendants were willful, oppressive, and fraudulent so as to justify an award of exemplary damages.

76. That the Plaintiff reserves the right to amend these pleadings during the course of the prosecution of her cause of action.

WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS:

1. That this court enter an ex-parte temporary restraining order pending a final hearing on the merits prohibiting the sale of the Plaintiff's property located at 502 Normandy, Marked Tree, Arkansas, to prevent her from incurring irreparable harm;

2. For further hearings to be set by this Court concerning the Defendant's standing, the efficacy of non-judicial foreclosure proceedings attempted by Recontrust and the validity of this debt;

3. That the Note and Mortgage be cancelled and any and all payments tendered by the Plaintiff be returned to her;

4. That the Plaintiff receive any and all compensatory, exemplary, statutory, and punitive damages to which she may be entitled; and

5. For any and all other relief to which she may be entitled.

Respectfully submitted,
APRIL L. WILLIAMS, Plaintiff

By:

SARA ROGERS (ARBIN 03175)
Attorney at Law
P.O. Box 5545
West Memphis, AR 72303
(870) 732-8787

12